UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOHN C. BOYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:12-CV-445 |
| | ) | (VARLAN/GUYTON) |
| MASS MUTUAL LIFE INSURANCE | ) | |
| COMPANY and MML BAY STATE LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on Defendants Massachusetts Mutual Life Insurance Company and MML Bay State Life Insurance Company's Motion to Transfer Venue [Doc. 14], brought pursuant to 28 U.S.C. § 1404(a). Plaintiff has filed a response in opposition to the motion [Doc. 21], and defendants subsequently filed a reply [Doc. 28]. For the following reasons, MassMutual's motion for change of venue is **GRANTED**.

### I. Background

Plaintiff John C. Boys filed a complaint against defendants Massachusetts Mutual Life Insurance Company and its affiliate, MML Bay State Life Insurance Company (collectively, "MassMutual") on November 9, 2012, requesting compensatory and punitive damages for alleged misrepresentations, negligent underwriting, and application alterations in connection with life insurance policies insuring the lives of plaintiff's sons

[Doc. 1]. Plaintiff purchased the policies at issue in 1996, 1997, and 1998 [Doc. 15, p. 3].

On February 2, 2005, the District Court of New Jersey approved a consolidated nationwide class action settlement between MassMutual and a class of individuals who had purchased life insurances policies from MassMutual between January 1, 1983, and December 31, 2003. *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207 (D.N.J. 2005). The claims giving rise to the settlement involved, generally, "improper practices in marketing, selling, servicing and administering permanent and term life insurance as well as disability income insurance policies." *Id.* at 216. In approving the settlement agreement, the *Varacallo* court retained jurisdiction over all class members who had not opted out. *Id.* at 224. The court also approved an extensive release provision as a part of the settlement. *Id.* at 223. The release "generally bars Class Members from asserting other claims that were or could have been asserted against MassMutual in this case." *Id.* Specifically, the release provision covers, *inter alia*:

> any and all acts, communications, omissions, nondisclosures, facts, matters, transactions, occurrences, sales presentations, illustrations, or any oral or written statements, representations, or Misrepresentations that have been, may have been, could have been and/or were allegedly made, directly or indirectly, in connection with . . . the marketing, solicitation, application, underwriting, acceptance, sale, purchase, operation, performance, dividends, interest crediting, charges, retention, administration, servicing, and/or replacement of . . . the Policies[.]

[Doc. 18, pp. 13-14].

The Court notes that MassMutual has filed a consolidated Motion to Dismiss, or, in the Alternative, for Summary Judgment [Doc. 16], in addition to the aforementioned request to transfer venue. To this end, MassMutual argues that plaintiff is a class member subject to the *Varacallo* settlement agreement and final order, and that, therefore, plaintiff's claims are barred by the terms of that settlement's release provision, or, alternatively, that plaintiff's claims are time-barred. MassMutual also urges that the court that supervised the *Varacallo* action and approved the settlement agreement is uniquely equipped to determine whether these potential bars apply and, further, that the district court for the District of New Jersey expressly retained jurisdiction over the action to handle such determinations. Because the Court agrees with this latter contention, it is unnecessary to reach the merits of MassMutual's motion to dismiss and/or for summary judgment.

## II.     Analysis

Requests for a change of venue are governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is to protect litigants, witnesses, and the public against unnecessary expense and inconvenience. *Mardini v. Presidio Developers*, LLC, No. 3:08-CV-291, 2011 WL 111245, at *6 (E.D. Tenn. Jan. 13, 2011); *Inghram v. Universal Indus. Gases, Inc.*, No. 1:05-CV-19, 2006 WL 306650, at *4 (E.D. Tenn. Feb.

8, 2006). A district court has broad discretion to grant or deny a motion to transfer pursuant to § 1404(a). *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

In making a transfer decision under § 1404(a) the Court must determine: "(1) whether the action could have been brought in the proposed transferee division; (2) whether a transfer would promote the interests of justice; and (3) whether a transfer would serve the parties' and the witnesses' convenience." *Maize v. Walden Security*, No. 3:09-CV-81, 2010 WL 1257974, at *2 (E.D. Tenn. Mar. 25, 2010); *see also Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) ("[A] district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'").

In weighing these public and private interests, plaintiff's choice of forum, though generally given deference, may be overcome by an appropriate showing by the defendant. *ImagePoint Inc. v. Keyser Industries, Inc.*, No. 3:04-CV-119, 2005 WL 1242067, at *3 (E.D. Tenn. May 25, 2005). To this end, a showing that the interests of justice would be better served by transfer may alone be sufficient to overcome a plaintiff's choice of forum. *Jabo's Pharmacy, Inc. v. Cephalon, Inc.*, No. 2:09-CV-289, 2010 WL 3851966, at *2 (E.D. Tenn. Sept. 27, 2010); *Proffitt v. Abbott Labs.*, No. 2:08-CV-151, 2008 WL 4401367, at *6 (E.D. Tenn. Sept. 23, 2008); *see also Donald v. Seamans*, 427 F. Supp. 32, 33 (E.D. Tenn. 1976) ("[w]here 'the interest of justice' is paramount, and where the

comparative convenience of the transferee and transferor forums is not significant, transfer under § 1404(a) is appropriate."). Included within the consideration of the interests of justice are concerns such as: "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

It is for the moving party to establish that there should be a change of venue. *ImagePoint Inc.*, 2005 WL 1242067, at *3. In attempting to meet this burden, it is not enough to show that transfer would merely shift the inconvenience from one party to another. *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964). However, although § 1404(a) was initially regarded as a mere codification of the *forum non conveniens* dismissal standard, which requires a moving party to show that the balance of inconveniences are strongly in its favor, the Supreme Court made clear in *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955), that transfers under § 1404(a) may be granted more freely than dismissals under *forum non conveniens*. *See id.* at 30-32.

**A.   Whether Action Might Have Been Brought in the District of New Jersey**

It is uncontested that this action could have been brought in the district court for the District of New Jersey. In a civil action founded on diversity of citizenship, venue is appropriate in a judicial district in which any defendant resides. 28 U.S.C. § 1391(b)(1). A corporate defendant resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C.

§ 1391(c)(2). MassMutual is registered to issue insurance policies in New Jersey and does in fact conduct business there. Accordingly, the District of New Jersey has personal jurisdiction over MassMutual. *Sadler v. Hallsmith SYSCO Food Servs.*, No. 08-4423, 2009 WL 1096309, at *1 (D.N.J. Apr. 21, 2009) ("A foreign corporation consents to being sued in a particular state by registering to do business in that state.").

### B. The Interests of Justice and Judicial Economy

MassMutual urges that the interests of justice and judicial economy weigh determinatively in favor of transfer, largely because the *Varacallo* court expressly retained jurisdiction over claims of the type raised by plaintiff [Doc. 15, pp. 17-20]. As MassMutual correctly asserts, and as noted above, the consideration of the interests of justice — considerations of judicial economy included — may be determinative in deciding whether to grant or deny transfer. *Jabo's Pharmacy, Inc.*, 2010 WL 3851966, at *2. In weighing the interests of justice, a district court should consider, among other factors, the interest and benefit of trying related litigation together and in having a judge who is familiar with the applicable law try the case. *Heller Fin., Inc.*, 883 F.2d at 1293. Thus, the fact that there is related litigation in the transferee court is "'a significant factor in considering the interest of justice factor.'" *Proffitt*, 2008 WL 4401367, at *7 (quoting *Jolly v. Purdue Pharma L.P.*, No. 05-CV-1452H, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005)). Indeed, "litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids [duplicative] litigation and inconsistent results." *Durham*

6

*Prods., Inc. v. Sterling Film Portfolio, Ltd.*, 537 F. Supp. 1241, 1243 (S.D.N.Y 1982) (internal quotation marks omitted).

Courts elsewhere, faced with claims relating to pending litigation and settled class actions, have cited the interest of justice and judicial economy in granting transfer requests. In *Koehler v. Green*, 358 F. Supp.2d 346, 347 (S.D.N.Y. 2005), the district court for the Southern District of New York transferred an action to the Eastern District of Missouri because the claim implicated a class action settlement over which the Eastern District of Missouri had expressly retained jurisdiction. In so doing, the court invoked concerns of judicial economy and the interest of justice: "Given [the Eastern District of Missouri's] familiarity with and continuing jurisdiction over the matters that form the basis of the instant complaint, the Court finds that transfer of the case . . . is warranted." *Id.* Likewise, in *Willoughby v. Potomac Electric Power Co.*, the District of Maryland granted a transfer request where the claim before it was "tightly intertwined with the Consent Decree recently issued by the District of Columbia Court," noting further that "a district court that enters a consent decree and retains enforcement jurisdiction in all probability has exclusive jurisdiction over claims relating to it." 853 F. Supp. 174, 176 (D.Md. 1994).

The same concerns that prompted the decisions to grant the transfer requests in *Koehler* and *Willoughby* are implicated here. The settlement agreement was originally approved by the district court for the District of New Jersey, and that court has more than

7

seven years of experience adjudicating claims related to the class settlement. Moreover, the *Varacallo* court expressly announced its intent to retain jurisdiction in its Final Order, which provided:

> Without in any way affecting the finality of this Final Order and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose[.]

[Doc. 18, p. 25]. As the *Willoughby* court noted, "generally speaking a district court that enters a consent decree and retains enforcement jurisdiction in all probability has exclusive jurisdiction over claims relating to it." 853 F. Supp. at 176 (citing *Figures v. Bd. of Utils.*, 967 F.2d 357 (10th Cir. 1992); *Siddiqi v. Lane*, 748 F. Supp. 637 (N.D. Ill. 1990)).

Furthermore, the district court for the District of Connecticut granted a transfer request in a case similar to the one at hand, where the plaintiffs brought an action likewise implicating threshold determinations subject to the continuing jurisdiction of the *Varacallo* court. *Freeman v. MML Bay State Life Ins. Co.*, No. 3:10-CV-66, 2010 WL 8961440, at *5-7 (D. Conn. July 15, 2010). In *Freeman*, the court transferred an action alleging breach of the terms of an insurance policy issued to the plaintiff during the class period. In granting the motion to transfer, the court noted that determinative issues concerning the plaintiff's class membership and the possible preclusive effect of the

8

settlement's release agreement were precisely the sorts of issues over which the *Varacallo* Court intended to retain jurisdiction. *Id.* at *5.

Plaintiff, like the claimant in *Freeman*, asserts causes of action that would most appropriately be handled by the *Varacallo* court, in light of that court's continuing jurisdiction over and familiarity with settlement related claims. The *Varacallo* court retained jurisdiction over:

> enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompany Final Judgment)[.]

[Doc. 18, p. 25-26]. Whether plaintiff is or is not a class member and whether his claims are or are not barred by the *Varacallo* Final Order are precisely the issues that will determine whether his claims may proceed to litigation on the merits. Such threshold determinations fall squarely within the purview of the *Varacallo* court's continuing jurisdiction. That continuing jurisdiction, when considered together with the judicial interest in ensuring efficient and economical pretrial proceedings and in avoiding inconsistent rulings, compels the Court to grant the transfer.

### C. The Parties' and Witnesses' Convenience

The Court turns finally to the weight of conveniences, regarding which, plaintiff asserts generally that "[i]t would be inconvenient to require the plaintiff and all the local witnesses to appear in a court in New Jersey." [Doc. 21]. The convenience of the

9

witnesses, particularly nonparty witnesses, is often of paramount importance. *See Applied Energy Techs., Inc. v. Solar Liberty Energy Sys., Inc.*, No. 09-CV-11959, 2009 WL 2777079, at *6 (E.D. Mich. Aug. 27, 2009) (citation omitted). However, "[a]llegations of hardship unsupported by particulars by way of proof or affidavit cannot be accorded much weight in balancing conveniences." *Essex Crane Rental Corp. v. Vic Kirsch Constr. Co.*, 486 F. Supp. 529, (S.D.N.Y. 1980) (internal quotations omitted). Plaintiff has failed to provide any description of hardship or evidence that potential witnesses and proof would not be easily transferable. Given the threadbare nature of plaintiff's claim of hardship, the interests of justice and judicial economy are determinative in this transfer request, as they substantially outweigh any asserted inconvenience.

### III. Conclusion

For all the reasons set forth above, the Court will **GRANT** Defendants Massachusetts Mutual Life Insurance Company and MML Bay State Life Insurance Company's Motion to Transfer Venue [Doc. 14], and this case will be **TRANSFERRED** in its entirety to the United States District Court for the District of New Jersey.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE